IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

TAWANA FRIEND            PLAINTIFF

VS.           CAUSE NO. 2018-0059-CICI

CITY OF GREENWOOD, MS. Carolyn McAdams,     MSN: 4:19-CV-18-DMB-JMV
Individually and in her official capacity as Mayor of
the City of Greenwood, MS; Ray Moore, Individually
And in his official capacity as Chief of Police of the
City of Greenwood, MS; Johnny Jennings, Lisa Cookston,
Ronnie Stevenson, Charles McCoy, Andrew Powell,
David Jordan and Carl Palmer, in their official capacities
as members of the City Council of Greenwood, MS           DEFENDANTS

## COMPLAINT

### NATURE OF ACTION

This is an enforcement action under title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. section 2000e, et seq., Title I of the Civil Rights Act of 1964 and 42 U.S.C. 1981, unlawful employment practices on the basis of race (Black) and gender discrimination (Female) and to provide appropriate relief to Tawana Friend who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 1 through 38, Friend alleges that defendants, acting jointly and severally, violated title VII and 42 U.S.C. 1981 by subjecting Friend to race and gender discrimination gender discrimination when they: (1) created a hostile work environment and constructively terminated her (2) took materially adverse actions against Friend in response to her engage in an activity protected by the Title VII based on her race and gender. This action is also brought pursuant to applicable state law.

EXHIBIT "A"

## JURISDICTION AND VENUE

1.

This is, in part, an action authorized and instituted pursuant to: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. sections 2000e et seq.; 42 U.S.C. section 1981; 42 U.S.C. section 1981A; 42 U.S.C. section 1988 and the laws of the State of Mississippi which invest this court with jurisdiction to read to redress the unlawful deprivation of plaintiff's rights secured, guaranteed and protected by federal and state law.

2.

Venue is proper since the alleged wrongful conduct occurred in Leflore County, Greenwood, Mississippi and the defendants are located in Leflore County.

3.

More than thirty (30) days prior to the institution of this lawsuit, Friend filed a charge of discrimination with the Equal Opportunity Employment Commission alleging violations of Title VII by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4.

Plaintiff, Tawana Friend, an African-American, is an adult female and a citizen of the United States who resided within the jurisdiction of this Court in Leflore County, Greenwood, Mississippi at all relevant times, and was an employee of the City of Greenwood's Police Department within the meaning of Title VII of these Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 1985, 1986 and the Fourteenth Amendment to U.S. Constitution.

5.

Defendant, City of Greenwood Mississippi, is a political subdivision of the State of Mississippi and can be served with the process of this Court through service on the Mayor of the City of Greenwood at 101 W. Church St., Greenwood, MS 38930.

6.

Defendant, Carolyn McAdams ("McAdams"), is the duly elected mayor of the city of Greenwood, Mississippi and is sued individually as well as in her official capacity, and who at certain relevant times herein was acting under color of state law. She can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

7.

Defendant, Ray Moore ("Moore"), is duly appointed Chief of Police of the City of Greenwood, Mississippi and is sued individually as well as in his official capacity and who at certain relevant times herein was acting under color of state law.

8.

Defendant, Johnny Jennings, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

9.

Defendant, Lisa Cookston, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in her official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

10.

Defendant, Ronnie Stevenson, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

11.

Defendant, Charles McCoy, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

12.

Defendant, Andrew Powell, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

13.

Defendant, David Jordan, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

14.

Defendant, Carl Palmer, is a duly elected member of the City Council of Greenwood, Mississippi and is sued in his official capacity and can be served with the process of this Court at 101 W. Church St., Greenwood, MS 38930.

## STATEMENT OF FACTS

15.

Plaintiff, Tawanda Friend, was employed on about May 2, 2013 as a Patrol Officer with the City of Greenwood's Police Department until such time she was constructively discharged and resigned in June 2018.

16.

Friend served on the SWAT team with the Greenwood Police Department until such time she was removed and placed on probation as part of a disciplinary action taken against her and such probation ended December, 2017.

17.

Without justification, Defendant Moore refused to allow Friend to be reassigned to the SWAT team.

18.

On or about July 31, 2017 Friend registered a complaint with Defendant McAdams complaining about the disparate treatment that she, a black male patrol officer, and a black male detective were receiving at the hands of Defendant Moore, but no relief was granted.

19.

Friend complained to the Human Resource Department that blacks were receiving disparate treatment because no blacks were being promoted, but blacks were required to test for promotions while white employees were receiving promotions without having to take a test.

20.

In November, 2017 Friend complained to Defendant Moore that a white male was promoted to lieutenant without having to go before the promotion board in violation of the rules and regulations of the City of Greenwood and the Civil Service Commission.

21.

In November 2017, the Assistant Chief of Police attempted to place Friend in the position of Juvenile Officer, but upon information and belief, Defendant Moore blocked the assignment.

22.

Defendant Moore engaged in continuous harassment of Friend subsequent to her filing a complaint with Defendant McAdams in July, 2017, including but not limited to, investigating her personal life, surveilling her home, denying her an opportunity for a promotion, limiting her job assignments, refusing to communicate with Friend while acknowledging in the presence of others that he was punishing Friend for complaining to McAdams.

23.

On January 23, 2018 Defendant Moore terminated Friend's employment with the Greenwood Police Department for alleged misconduct that occurred while Friend was off duty.

24.

The Greenwood Civil Service Commission reversed Moore's termination of Friend and ordered her reinstatement with the police department.

25.

After Friend's termination, she applied for unemployment benefits with the Mississippi Department of Employment Security (MDES), which was opposed by the City of Greenwood, but MDES found that Friend's termination was unlawful and approved her benefits.

26.

Defendants had the power to correct Moore's harassment and discriminatory treatment of Friend, but refused to do so.

27.

Friend's working conditions were so egregious and adverse that she feared for safety and was compelled to resign.

## COUNT I-RACE DISCRIMINATION

28.

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 through 27.

29.

Defendants' actions in constructively discharging plaintiff on the basis of race constitutes intentional discrimination in violation of Title VII and 42 U.S.C. section 1981.

30.

Defendants' actions in discharging plaintiff under these circumstances constitute disparate treatment based on race and defendants' arbitrary practice and application of its policies had a disparate impact on plaintiff and other African-American employees with the police department.

31.

Defendants', through creating, tolerating and exposing plaintiff and other African-American employees to and requiring them to work in a racially charged environment constitutes racial discrimination.

32.

Defendants' retaliation against plaintiff for her exercise of her right to complain about and report unlawful and discriminatory conduct constitutes a violation of Title VII and 42 U.S.C. § 1981 as well as attempting to determine if Plaintiff is employed and the identity of her employer for the purpose of jeopardizing her employment opportunities.

## COUNT II- 42 U.S.C. 1986

33.

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 through 32.

34.

Defendants had the power to prevent Plaintiff from being harassed, discriminated against and, otherwise, mistreated, but failed and refused to take any actions.

## COUNT III- 42 USC 1985

35.

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 through 34.

36.

Defendants' McAdams and Moore while acting under color of law conspired to deprive Friend of right secured under the 14th Amendment to the U.S. Constitution, 42 USC 1983 and other relevant statutes.

### COUNT IV-Unlawful Discharge

37.

Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 through 36.

38.

Plaintiff was unlawfully harassed and constructively discharged because she reported unlawful activity that was taking place in the police department.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court causes service to issue in this cause upon the Defendants' and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Reinstatement or front pay in lieu of reinstatement, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages against Defendant in an amount to be determined by the jury;

3. All costs, disbursement, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Title VII and 42 U.S.C. § 1981, 1983, 1986, 1988 and other applicable statutes;

4. Injunctive relief to prevent Defendants from continuing to discriminate on the basis of race and gender; and,

5. Such further relief as is deemed just and proper.

THIS the 1st day of November, 2018.

> Respectfully submitted,
> Tawanda Friend

By: _____
HONORABLE EVERETT T. SANDERS
SANDERS LAW FIRM PLLC
604 FRANKLIN STREET
P.O. BOX 565
NATCHEZ, MISSISSIPPI 39121

_____
HONORABLE NEYSHA SANDERS
THE SANDERS LAW FIRM, PLLC
401 RIVER ROAD
POST OFFICE BOX 1542
GREENWOOD, MISSISSIPPI 38930

JURY TRIAL DEMANDED

FILED
NOV 01 2018
ELMUS STOCKSTILL, CIRCUIT CLERK
BY:_____ D.C.